# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **JOSHUA WADE BROWN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| vs. ) | No. _____ |
| ) | **JURY DEMAND** |
| **HARDIN COUNTY, TENNESSEE,** ) | |
| and **STACY PRESLEY,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

Comes the Plaintiff, Joshua Wade Brown, by and through undersigned counsel, and for his cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1   The Plaintiff, Joshua Wade Brown, is a resident of Loganville, Georgia.

1.2   The Defendant, Hardin County, Tennessee, is a governmental entity located in Hardin County, Tennessee, and at all times relevant to the Complaint was responsible for the customs, policies, procedures, and training of its employees as well as the wrongs committed by Deputy Sheriffs pursuant to Tenn. Code Ann. § 8-8-302.

1.3   The Defendant, Stacy Presley, is, upon information and belief, a resident of Hardin County, Tennessee, and at all times relevant to this Complaint was acting under color of state law as a Deputy Sheriff for Hardin County, Tennessee.  Defendant Presley is being sued in his individual capacity as a Deputy Sheriff of the Hardin County Sheriff's Department.

## II. JURISDICTION

2.1   This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.

## III. VENUE

3.1   Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred in the Western District of Tennessee.

## IV. NATURE OF THE CASE

4.1   This action arises under the Fourth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq*. for violations of the Constitutional Rights of the Plaintiff, Joshua Wade Brown.

## V. FACTS

5.1   On July 4, 2021, Mr. Brown was traveling home when he was stopped by Defendant Stacy Presley, a deputy sheriff for Defendant Hardin County, Tennessee.

5.2   Defendant Presley claimed that Mr. Brown was driving "recklessly" and that, after he made contact with Mr. Brown, he "could smell a strong odor of alcohol coming from his person."

5.3   Defendant Presley further claimed that Mr. Brown had "blood shot eyes" and "slurred speech making it appear that he was impaired."

5.4   Defendant Presley then conducted a field sobriety test and claimed that Mr. Brown "showed all clues of being impaired."

5.5     Defendant Presley arrested Mr. Brown and took him to the hospital where a blood sample was taken with Mr. Brown's consent.

5.6     Defendant Presley then initiated the prosecution against Mr. Brown by swearing out an affidavit of complaint against Mr. Brown charging him with driving under the influence and possession of a firearm while impaired.

5.7     Contrary to Defendant Presley's sworn statements, Mr. Brown was not impaired or under the influence of either alcohol or drugs.

5.8     Also contrary to Defendant Presley's sworn statements, Mr. Brown was not driving recklessly, did not have blood shot eyes or slurred speech, and did not show any signs of being impaired during the field sobriety test.

5.9     Defendant Presley's statements in his affidavit of complaint that Mr. Brown was or appeared to be impaired were false.

5.10    The false statements of Defendant Presley influenced the decision to prosecute Mr. Brown for driving under the influence and possession of a firearm while impaired.

5.11    Mr. Brown had to make bail in the amount of $1,000.00 , hire a attorney to defend him on the charges which cost $2,500.00, and pay approximately $200.00 to obtain his vehicle from the impound lot.

5.12    Mr. Brown's initial court date was set for September 14, 2021, where he plead not guilty to the charges against him, and the case was continued pending the results of the blood test.

5.13 On January 17, 2022, the Tennessee Bureau of Investigation, Jackson Crime Laboratory released the Official Alcohol Report for the blood sample taken from Mr. Brown on July 4, 2021.

5.14 The report showed that Mr. Brown's blood was completely negative for alcohol.

5.15 An additional test result for drugs was issued by the Tennessee Bureau of Investigation on July 27, 2022, which also showed that no drugs at all were detected in Mr. Brown's blood.

5.16 Based on the report from the Tennessee Bureau of Investigation showing that Mr. Brown was not under the influence of any alcohol or drugs and, consequently, was not impaired on July 4, 2021, the charges against Mr. Brown were dismissed on August 23, 2022.

5.17 In doing the acts alleged in this complaint, Defendant Presley was acting under the color of the statutes, ordinances, regulations, customs, policies, and usages of the Hardin County Government, the State of Tennessee and under the authority of his office as a Deputy Sheriff of the Hardin County Sheriff's Department.

5.18 Defendant Hardin County is responsible for all wrongs, injuries, losses, damages and expenses resulting from the actions of Defendant Presley in his position as a Deputy Sheriff of Defendant Hardin County pursuant to Tenn. Code Ann. § 8-8-302.

5.19 Mr. Brown had not committed any crime, nor was there any evidence that he had done so.

5.20 Mr. Brown informed Defendant Presley multiple times that he had not committed any crime and was not impaired.

5.21    Defendant Presley knew that Mr. Brown had not committed any crime and was not under the influence of alcohol or drugs.

5.22    Despite being aware that Mr. Brown was not impaired, Defendant Presley swore out criminal charges against Mr. Brown for violation of Tenn. Code Ann. § 55-10-401 - Driving Under the Influence and Tenn. Code Ann. § 39-17-1321 - Possession of Handgun Under Influence.

5.23    The statements made by Defendant Presley in his affidavit of complaint were material in obtaining the criminal warrant against Mr. Brown for violating Tenn. Code Ann. § 55-10-401 and 39-17-1321.

5.24    Defendant Presley knowingly and deliberately made the false statements to obtain the criminal warrant against Mr. Brown.

5.25    Defendant Presley, with reckless disregard of the truth, made the false statements to obtain the criminal warrant against Mr. Brown.

5.26    Without Defendant Presley's false statements, there was no probable cause for prosecuting Mr. Brown for violating Tenn. Code Ann. § 55-10-401 and § 39-17-1321.

5.27    As a result of the criminal charges, Mr. Brown was prosecuted for crimes he did not commit.

5.28    As a result of the criminal prosecution, Mr. Brown had to hire an attorney to defend him on the charges and return to court to defend himself against the charges on multiple occasions.

5.29    On August 23, 2022, the criminal charges pending in Hardin County against Mr. Brown were dismissed after test results from the Tennessee Bureau of Investigation

proved that Mr. Brown was not under the influence of alcohol or drugs at the time of his arrest.

5.30    The Fourth Amendment to the Constitution of the United States requires probable cause to exist before a person is prosecuted for a crime.

5.31    There was no probable cause to prosecute Mr. Brown for driving under the influence and possession of a firearm while impaired.

### COUNT I
### (FOURTH AMENDMENT - VIOLATION OF 42 U.S.C. § 1983 - MALICIOUS PROSECUTION)

6.1    Defendant Presley's false statements and other actions described above to obtain a criminal warrant against Mr. Brown while acting under color of law, deprived Mr. Brown of his right to be secure in his person against unreasonable searches and seizure as guaranteed to Mr. Brown under the Fourth Amendment to the United States Constitution.

6.2    As a result of Defendant Presley's actions, Mr. Brown was arrested and prosecuted for violating Tenn. Code Ann. § 55-10-401 and § 39-17-1321.

6.3    Defendant Presley made, participated in, and/or influenced the decision to prosecute Mr. Brown, in that he made false statements claiming that Mr. Brown had engaged in driving under the influence and possessing a firearm while impaired and without those false statements Mr. Brown would not have been prosecuted for these crimes.

6.4    Defendant Presley's statements were made knowing that the statements were false or with a reckless disregard to their truth.

6.5    The prosecution of Mr. Brown for violating Tenn. Code Ann. § 55-10-401 and § 39-17-1321 was without any probable cause because Mr. Brown was not under the

influence of alcohol or drugs while driving or in possession of a firearm nor was there any evidence that he had done so.

6.6   As a direct and proximate result of the criminal prosecution of Mr. Brown for violating Tenn. Code Ann. § 55-10-401 and § 39-17-1321, Mr. Brown was deprived of his right to be free from prosecution without probable cause.

6.7   The charges against Mr. Brown for violation of Tenn. Code Ann. § 55-10-401 and § 39-17-1321 were dismissed on August 23, 2022.

6.8   Pursuant to statute, Defendant Presley is liable to Mr. Brown for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT III
### (STATE LAW VICARIOUS LIABILITY - TENN. CODE ANN. §8-8-301, *ET SEQ.*)

7.1   Pursuant to Tenn. Code Ann. § 8-8-301, et seq., Defendant Hardin County is also liable to Mr. Brown for the wrongs, injuries, losses, damages and expenses, described above, resulting from the above described actions of Defendant Presley who was a Deputy appointed by the Hardin County Sheriff and, at the time of the incident described in this complaint, was acting by virtue of or under color of that office.

## DAMAGES

11.1   As a direct and proximate result of the unlawful conduct of the Defendants as described above, Joshua Wade Brown experienced significant emotional distress and suffering.

11.2   As a direct and proximate result of the unlawful conduct of the Defendants as described above, Joshua Wade Brown experienced significant mental anguish.

11.3   As a direct and proximate result of the unlawful conduct of the Defendants as described above, Joshua Wade Brown has experienced a diminished quality of life and impairment to his ability to enjoy life.

11.4   As a direct and proximate result of the unlawful conduct of the Defendants as described above, Joshua Wade Brown has experienced a loss of earnings and an impairment to his earning capacity.

11.5   As a direct and proximate result of the unlawful conduct of the Defendants as described above, Joshua Wade Brown incurred costs in having to make bond to get out of jail during the pendency of the criminal prosecution against him as well as the cost of hiring an attorney to defend him on those charges and cost to obtain his vehicle from the impound lot.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, jointly and severally to the extent permitted by law, as follows:

1.   That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2.   That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law and that Defendant Hardin County be additionally jointly liable for his compensatory damages up to the limits provided in Tenn. Code Ann. § 8-8-303;

3. That the Plaintiff be awarded a judgment for punitive damages against Defendant Presley in an amount that is necessary to punish Defendant Presley and to deter others from committing similar wrongs in the future;

4. That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5. That Plaintiff be granted such other, further, and general relief as to which he is entitled.

Respectfully Submitted,

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: /s/ *James Bryan Moseley*
       James Bryan Moseley No. 021236
Attorneys for Plaintiff

237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
615/ 254-0140
Fax: 615/ 634-5090
bryan.moseley@moseleylawfirm.com